1
2
3
4
5
6              IN THE UNITED STATES DISTRICT COURT
7                 FOR THE DISTRICT OF ARIZONA
8
   Ervin Ted Valandingham, Jr.,          )    No.  CV-20-01564-SPL (CDB)
9                                         )
                     Plaintiff,           )
10                                        )    **ORDER**
   vs.                                    )
11                                        )
   Daisy Akinwale, et al.,                )
12                                        )
                     Defendants.          )
13                                        )
                                          )
14

15       On August 5, 2020, Plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983
16   (Doc. 1), as well as a motion for leave to proceed in forma pauperis (Doc. 2).  On September
17   22, 2020, the Court ordered Defendant Akinwale, in her individual capacity, to answer the
18   retaliation claim in Count One; ordered Defendant Lopez, in her individual capacity, to
19   answer the Eighth Amendment claim in Count Three; and dismissed the remaining claims
20   and Defendants.

21       On October 7, 2020, Plaintiff filed a First Amended Complaint (Doc. 9).  On
22   November 25, 2020, the Court provided Plaintiff until December 28, 2020 to lodge a
23   proposed Amended Complaint in the proper form and in accordance with Local Rule of
24   Civil Procedure 15.1(a) (Doc. 10).  On December 16, 2020, Plaintiff filed a Motion to
25   Amend and lodged the proposed Second Amended Complaint (Docs. 14, 15).  In Count
26   One of the Second Amended Complaint, Plaintiff alleges retaliation by Defendants
27   Akinwale, McGee, and Abbl for filing grievances against Akinwale (Doc. 15 at 4-7).  In
28   Count Two, Plaintiff alleges that Defendants Akinwale, Lopez, Jensen, Furuar, Servious,

and Centurion violated his First, Eighth, and Fourteenth Amendment rights (Doc. 15 at 8-11). In Count Three, Plaintiff alleges that Defendants Centurion, Akinwale, and Jensen violated his right to equal protection (Doc. 15 at 12-13).

On February 26, 2021, the Honorable Camille D. Bibles, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 21), recommending the Motion to Amend be denied because it fails to adequately state any additional cognizable § 1983 claim against any Defendant (Doc. 21 at 12). Judge Bibles advised the parties that they had fourteen (14) days to file objections to the R&R and that failure to file timely objections could be considered a waiver of the right to obtain review of the R&R. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1).  It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy).

The Court has carefully reviewed the motion and record.  The Plaintiff's objections to the findings and recommendations have also been thoroughly considered (Doc. 23). Plaintiff also argues that as a pro se plaintiff, he is held to less stringent standards (Doc. 23 at 2) and the allegations should be sufficient to allow for an opportunity to provide supporting evidence (Doc. 23 at 8).  The Court notes, however, that although Plaintiff is correct that pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action, *Ivey v. Bd.*

*of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

After conducting a *de novo* review of the motion and objections, the Court reaches the same conclusions reached by Judge Bibles.  Accordingly, the R&R will be adopted in full.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 21) is **accepted** and **adopted** by the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections (Doc. 23) are **overruled**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 14) is **denied**.

Dated this 7th day of April, 2021.

Honorable Steven P. Logan
United States District Judge